**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CITY OF PHILADELPHIA,<br>Appellee,<br><br>v.<br><br>ANTOINE GARDINER,<br>Debtor-in-Possess. | :<br>:<br>:<br>:<br>:<br>:<br>: | Civil No.: 2:25-cv-07195 |

**ORDER**

**AND NOW**, this 23rd day of April, 2026, upon consideration of Appellant's Motion for Reconsideration of Order Dismissing Bankruptcy Appeal (ECF No. 9) and the City of Philadelphia's Response in Opposition to Motion for Reconsideration of Order Dismissing Bankruptcy Appeal (ECF No. 12), **IT IS HEREBY ORDERED** that Appellant's Motion (ECF No. 9) is **DENIED** as untimely.[1]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

[1] Local Rule 7.1(g) requires motions for reconsideration to be "served and filed within fourteen (14) days after the entry of the order concerned." E.D. Pa. L.R. 7.1(g). Appellant failed to do so. While that ordinarily bars the Court from considering the merits of Gardiner's motion, the Court "can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *Mathis v. Christian Heating & Air Conditioning, Inc.*, 91 F. Supp. 3d 651, 656 (E.D. Pa. 2015) (quoting *United States v. Eleven Vehicles, Their Equip. & Accessories,* 200 F.3d 203, 215 (3d Cir. 2000)).

But the Court does not have a "sound rationale" for doing so. The Court cautioned Gardiner about untimely requests when he submitted an eleventh-hour extension request. *See* Order (ECF No. 4) ("Appellant should not anticipate the Court granting last-minute extension requests in the future."). Moreover, Gardiner has been dilatory in his related bankruptcy cases by failing to file appellate briefs at all, let alone on time. Accordingly, the Court will not depart from Local Rule 7.1(g)'s directive. Gardiner's Motion for Reconsideration is **DENIED** as untimely.